**STEINBERG v. MOORE–McCORMACK LINES, Inc.**

Civ. No. 8583.

United States District Court
E. D. New York.

March 7, 1950.

Alfred C. McKenzie, Brooklyn, N. Y., for plaintiff.

Joseph K. Inness, New York City, for defendant.

KENNEDY, District Judge.

This is an application by defendant Moore-McCormack Lines, Inc., (Moore-McCormack), to serve a third-party summons and complaint upon Arthur Tickle Engineering Works, Inc. (Tickle).

The plaintiff was an employee of Tickle and was injured, so he claims, by the negligence of Moore-McCormack. The latter says that it has an eye-witness whose testimony may impose liability for the accident upon Tickle. The motion is opposed on the ground that the nature of the liability over as between Moore-McCormack and Tickle is not clearly asserted. But until a complaint is framed, nobody can tell whether a valid claim of liability over is or is not asserted, or indeed whether there is jurisdiction over the third-party complaint.[1] The time to debate and decide these and kindred questions is after the proposed defendant is before the court and the issues have been made clear by the pleadings.

To deny the application would be to prevent any proper and binding determination of these matters. If I am right in this, a denial of the application would be an improvident act which would prevent,

---

1. Apparently there is diversity between Moore-McCormack and Tickle, and the jurisdictional amount probably exists. But until the pleadings have been made up, the need for these jurisdictional elements will not be known, and perhaps not even then, because whether or not the controversy between Moore-Mc-Cormack and Tickle is "ancillary" or independent may possibly depend on the pleadings alone, or may even depend on the resolution of issues of fact.

rather than facilitate, a "just, speedy and inexpensive determination" of the action.

The application is granted, without prejudice (naturally) to any motions against the complaint which the impleaded defendant may be advised to make.